FILED
2023 Feb-21  PM 05:00
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| EXIE SPEARS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No.: 2:22-cv-01610-SGC |
| | ) |
| MARION COUNTY COMMISSION, et al., | ) |
| | ) |
| Defendants. | ) |

## BRIEF IN SUPPORT OF MOTION FOR PARTIAL DISMISSAL

COME NOW Defendants, the Marion County Commission, Larry Akers, Bob Burleson, Kenneth Cochran, Tim Estes, Gregory Gunnin, Dale Holt, and Keith Nichols, and submit this brief in support of the Motion for partial dismissal filed simultaneously herewith.  As grounds for the dismissal, Defendants state that Plaintiff fails to comply with the requirements of Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## STANDARD OF REVIEW

In resolving a motion to dismiss, a Court should accept "the allegations in the complaint as true and [construe] them in the light most favorable to the plaintiff." *Mills v. Foremost Ins. Co.*, 511 F.3d 1300, 1303 (11th Cir. 2008) (citing *Castro v. Sec'y of Homeland Sec.*, 472 F.3d 1334, 1336 (11th Cir. 2006)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as

true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citation omitted). Instead, a plaintiff must establish such "facial plausibility" by pleading "factual content that allows the court to draw the reasonable inference that the defendant is liable for the conduct alleged." *Iqbal*, 556 U.S. at 678. (citing *Twombly*, 550 U.S. at 556). Plaintiff's Third Amended Complaint fails to meet this standard.

## ARGUMENT

**I.    A PORTION OF PLAINTIFF'S ALLEGATIONS ARE BARRED DUE TO FAILURE TO FULFILL THE ADMINISTRATIVE REMEDIES FOR A LAWSUIT BASED UPON TITLE VII.**

As a condition precedent to filing a Title VII suit in federal court, a plaintiff must first exhaust the available administrative remedies by filing a charge with the EEOC within 180 days after the alleged unlawful employment action occurred, and failure to do so "generally results in a bar of the claims contained in the untimely charge." *Forehand v. Fla. State Hosp. at Chattahoochee*, 89 F.3d 1562, 1567 (11th Cir. 1996). Further, "where allegations of employment discrimination have not

been administratively considered, a judicial finding of discriminatory conduct is not proper." *Kelly v. Dun & Bradstreet, Inc.*, 557 F. App'x 896, 899 (11th Cir. 2014).

Plaintiff's Complaint fails to make clear which allegations are intended to support any Title VII claims. In addition, the Complaint contains multiple allegations not found within his EEOC charge.

Plaintiff has failed to exhaust his administrative remedies as required by Title VII for multiple allegations within his Complaint. Plaintiff filed his EEOC Charge of Discrimination on March 3, 2020. Thus, Plaintiff failed to preserve any Title VII claim that occurred prior to September 5, 2019, and any alleged event that occurred before September 5, 2019, may not be used to support a Title VII claim.

## II. A PORTION OF PLAINTIFF'S ALLEGATIONS ARE BARRED DUE TO FAILURE TO COMPLY WITH THE STATUE OF LIMITATIONS APPLICABLE TO A CLAIM PURSUANT TO 42 U.S.C. § 1981.

Section 1981 claims are subject to a four-year statute of limitations period. 28 U.S.C. § 1658; *See Baker v. Birmingham Bd. of Educ.,* 531 F.3d 1336, 1338–39 (11th Cir. 2008). Plaintiff's Complaint was filed on December 23, 2022. Thus, any allegations occurring before December 23, 2018, are barred by the limitations period pertinent to a 42 U.S.C. § 1981 claim.

### III. PLAINTIFF'S CLAIMS PURSUANT TO 42 U.S.C. § 1983 ARE BARRED BY THE APPLICABLE STATUTE OF LIMITATIONS.

The Supreme Court has held that the statute of limitations for a 42 U.S.C. § 1983 claim is the forum state's general, or residual, statute of limitations for personal injury actions. *See Owens v. Okure*, 488 U.S. 235, 249-50 (1989). Thus, federal courts in Alabama have routinely held that Alabama's general two-year statute of limitations applies to suits filed pursuant to 42 U.S.C. § 1983. *See* Ala. Code § 6–2–38(l) (1975); *Lufkin v. McCallum*, 956 F.2d 1104 (11th Cir. 1992); *Jones v. Preuit & Mauldin*, 876 F.2d 1480 (11th Cir. 1989).

Plaintiff initiated this action on December 23, 2022. Thus, any complaint made by Plaintiff pursuant to Section 1983 and occurring before December 23, 2020, is barred by the two-year limitation period applicable to 42 U.S.C. § 1983 suits and is due to be dismissed.

### IV. THE DEFENDANTS ARE IMMUNE FROM PUNITIVE DAMAGES.

Plaintiff cannot receive an award of punitive damages as the Defendants are immune from punitive damages. *See* Ala. Code § 6-11-26 (1975) states, in relevant part, that "punitive damages may not be awarded against the State of Alabama or any county or municipality thereof." Thus, any claims for punitive damages against Defendants are barred by Alabama statute. *See* ALA. CODE § 6-11-26 (1975).

## **CONCLUSION**

Defendants' Motion for Partial Dismissal of the Plaintiff's Complaint is due to be granted.  Plaintiff has failed to set forth factual allegations as to comply with Plaintiff's obligations under the Federal Rules of Civil Procedure.

Respectfully submitted this 21st day of February 2023.

                                             **s/C. Richard Hill, Jr.**_____
                                             C. RICHARD HILL, JR. (HIL045)

                                             **s/Ashley H. Freeman**_____
                                             ASHLEY H. FREEMAN (FRE 044)

OF COUNSEL:
Capell & Howard, P.C.
150 South Perry Street (36104)
P.O. Box 2069
Montgomery, AL 36102-2069
Telephone: (334) 241-8043
Facsimile: (334) 241-8243
Email:  rick.hill@chlaw.com
        ashley.freeman@chlaw.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on this the 21st day of February 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Leslie A. Palmer
PALMER LAW, LLC
104 23rd Street South
Suite 100
Birmingham, AL 35233


Heather N. Leonard
HEATHER LEONARD, PC
2105 Devereux Circle, Suite 111
P.O. Box 43768
Birmingham, AL 35243

                                          **s/C. Richard Hill, Jr.**
                                          OF COUNSEL