FILED

2023 Feb-21  PM 05:02
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| EXIE SPEARS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No.: 2:22-cv-01610-SGC |
| | ) |
| MARION COUNTY COMMISSION, | ) |
| et al., | ) |
| | ) |
| Defendants. | ) |

## DEFENDANTS' PARTIAL ANSWER

COMES NOW Defendants the Marion County Commission the Marion County Commission, Larry Akers, Bob Burleson, Kenneth Cochran, Tim Estes, Gregory Gunnin, Dale Holt, and Keith Nichols (hereinafter "Defendants"), and hereby responds to the Plaintiff's Complaint[1] as follows:

## I.

## JURISDICTION

1.    This paragraph contains only legal averments, not factual allegations requiring a response from the Defendants.

2.    This paragraph contains only legal averments, not factual allegations requiring a response from the Defendants.

---

[1] A Motion for Partial Dismissal and supporting brief are filed contemporaneously herewith.

## II.

## PARTIES

3.      Admitted.

4.      Admitted.

5.      Admitted.

6.      Admitted

7.      Defendants admit that Keith Nichols is a Marion County Commissioner residing in Marion County.  Defendants have insufficient knowledge as to the remaining averments contained in this paragraph.

8.      Defendants admit that Kenneth Cochran is a Marion County Commissioner residing in Marion County.  Defendants have insufficient knowledge as to the remaining averments contained in this paragraph.

9.      Defendants admit that Dale Holt was a Marion County Commissioner residing in Marion County.   Defendants have insufficient knowledge as to the remaining averments contained in this paragraph.

10.     Defendants admit that Tim Estes is a Marion County Commissioner residing in Marion County.  Defendants have insufficient knowledge as to the remaining averments contained in this paragraph.

11.     Defendants admit that Bobby Burleson was a Marion County Commissioner residing in Marion County.  Defendants have insufficient knowledge as to the remaining averments contained in this paragraph.

12.     Defendants admit that Gregory Gunnin is a Marion County Commissioner residing in Marion County.  Defendants have insufficient knowledge as to the remaining averments contained in this paragraph.

13.     Defendants admit that Larry Akers is a Marion County Commissioner residing in Marion County.  Defendants have insufficient knowledge as to the remaining averments contained in this paragraph.

14.     This paragraph contains only legal averments, not factual allegations requiring a response from the Defendants.

### III.

### EXHAUSTION OF ADMINISTRATIVE REMEDIES

15.     Defendants admit that Plaintiff filed a Charge of Discrimination which was received by the EEOC on March 3, 2020.  The Defendants deny the remaining allegations contained in this paragraph and demand strict proof thereof.

16.     To the extent the allegations in this paragraph purport to describe or characterize the contents of a document, the document speaks for itself. Except as otherwise expressly admitted hereinabove, the Defendants deny the remaining factual allegations contained in this paragraph and strict proof is demanded thereof.

17.     The Defendants deny the allegations contained in this paragraph and demand strict proof thereof.

## IV.

## STATEMENT OF FACTS

18.     Upon information and belief, Defendants admit that Plaintiff represents to be an African American.

19.     Admitted.

20.     The Defendants deny the allegations contained in this paragraph and demand strict proof thereof.

21.     This paragraph asserts no allegations against the Defendants and Defendants have insufficient knowledge as to the averments contained in this paragraph.

22.     The Defendants deny the allegations contained in this paragraph and demand strict proof thereof.

23.     The Defendants deny the allegations contained in this paragraph and demand strict proof thereof.

24.     The Defendants deny the allegations contained in this paragraph and demand strict proof thereof.

25.     The Defendants deny the allegations contained in this paragraph and demand strict proof thereof.

26.    The Defendants deny the allegations contained in this paragraph and demand strict proof thereof.

27.    Admitted.

28.    The Defendants deny the allegations contained in this paragraph and demand strict proof thereof.

29.    The Defendants deny the allegations contained in this paragraph and demand strict proof thereof.

30.    The Defendants admit that David Ballard's hourly wage was raised to $17.51.  The Defendants deny the remaining allegations contained in this paragraph and demand strict proof thereof.

31.    The Defendants deny the allegations contained in this paragraph and demand strict proof thereof.

32.    The Defendants deny the allegations contained in this paragraph and demand strict proof thereof.

33.    The Defendants deny the allegations contained in this paragraph and demand strict proof thereof.

34.    The Defendants deny the allegations contained in this paragraph and demand strict proof thereof.

35.    The allegations contained in this paragraph are unclear; thus, Defendants deny the allegations contained in this paragraph and demand strict proof thereof.

36.    The Defendants deny the allegations contained in this paragraph and demand strict proof thereof.

37.    The Defendants deny the allegations contained in this paragraph and demand strict proof thereof.

38.    The Defendants deny the allegations contained in this paragraph and demand strict proof thereof.

39.    The Defendants deny the allegations contained in this paragraph and demand strict proof thereof.

40.    The Defendants deny the allegations contained in this paragraph and demand strict proof thereof.

41.    The Defendants deny the allegations contained in this paragraph and demand strict proof thereof.

42.    The Defendants deny the allegations contained in this paragraph and demand strict proof thereof.

43.    The Defendants deny the allegations contained in this paragraph and demand strict proof thereof.

44. This paragraph contains averments which are unclear and do not state an allegation against Defendant. The Defendants deny the remaining allegations contained in this paragraph and demand strict proof thereof.

45. The Defendants deny the allegations contained in this paragraph and demand strict proof thereof.

46. The Defendants deny the allegations contained in this paragraph and demand strict proof thereof.

47. The Defendants deny the allegations contained in this paragraph and demand strict proof thereof.

48. The Defendants deny the allegations contained in this paragraph and demand strict proof thereof.

49. This paragraph contains averments which do not state an allegation against Defendant. The Defendants deny the remaining allegations contained in this paragraph and demand strict proof thereof.

50. Admitted.

51. The Defendants deny the allegations contained in this paragraph and demand strict proof thereof.

52. The Defendants deny the allegations contained in this paragraph and demand strict proof thereof.

53.    The Defendants deny the allegations contained in this paragraph and demand strict proof thereof.

54.    The Defendants deny the allegations contained in this paragraph and demand strict proof thereof.

55.    The Defendants deny the allegations contained in this paragraph and demand strict proof thereof.

56.    The Defendants deny the allegations contained in this paragraph and demand strict proof thereof.

57.    This paragraph contains averments which are unclear and do not state an allegation against Defendant.  The Defendants deny the remaining allegations contained in this paragraph and demand strict proof thereof.

58.    The Defendants deny the allegations contained in this paragraph and demand strict proof thereof.

59.    The Defendants deny the allegations contained in this paragraph and demand strict proof thereof.

60.    This paragraph does not contain allegations against Defendants.

61.    The Defendants deny the allegations contained in this paragraph and demand strict proof thereof.

62.    The Defendants deny the allegations contained in this paragraph and demand strict proof thereof.

63.    The Defendants deny the allegations contained in this paragraph and demand strict proof thereof.

64.    The Defendants deny the allegations contained in this paragraph and demand strict proof thereof.

65.    This Paragraph states legal conclusions as to which no response is required. To the extent that any response may be required, Defendants admit that Plaintiff filed a Charge of Discrimination which was received by the EEOC on March 3, 2020

66.    This paragraph does not contain allegations against Defendants. Defendants lack sufficient knowledge to admit or deny this paragraph.

67.    The Defendants deny the allegations contained in this paragraph and demand strict proof thereof.

68.    The Defendants deny the allegations contained in this paragraph and demand strict proof thereof.

69.    The allegations contained in this paragraph are unclear; thus, Defendants deny the allegations contained in this paragraph and demand strict proof thereof.

70.    The allegations contained in this paragraph are unclear; thus, Defendants deny the allegations contained in this paragraph and demand strict proof thereof.

71.     This paragraph does not contain allegations against Defendants.

72.     The allegations contained in this paragraph are unclear; thus, Defendants deny the allegations contained in this paragraph and demand strict proof thereof.

73.     The allegations contained in this paragraph are unclear; thus, Defendants deny the allegations contained in this paragraph and demand strict proof thereof.

74.     The allegations contained in this paragraph are unclear; thus, Defendants deny the allegations contained in this paragraph and demand strict proof thereof.

75.     The Defendants deny the allegations contained in this paragraph and demand strict proof thereof.

76.     The Defendants deny the allegations contained in this paragraph and demand strict proof thereof.

77.     The Defendants deny the allegations contained in this paragraph and demand strict proof thereof.

78.     The Defendants deny the allegations contained in this paragraph and demand strict proof thereof.

79.     The Defendants deny the allegations contained in this paragraph and demand strict proof thereof.

80.     The Defendants deny the allegations contained in this paragraph and demand strict proof thereof.

81.     The Defendants deny the allegations contained in this paragraph and demand strict proof thereof.

82.      The Defendants deny the allegations contained in this paragraph and demand strict proof thereof.

83.      The Defendants deny the allegations contained in this paragraph and demand strict proof thereof.

84.     The Defendants deny the allegations contained in this paragraph and demand strict proof thereof.

85.     The Defendants deny the allegations contained in this paragraph and demand strict proof thereof.

86.     The Defendants deny the allegations contained in this paragraph and demand strict proof thereof.

87.     The Defendants deny the allegations contained in this paragraph and demand strict proof thereof.

88.     The Defendants deny the allegations contained in this paragraph and demand strict proof thereof.

89.     The Defendants deny the allegations contained in this paragraph and demand strict proof thereof.

90.     This paragraph contains only legal averments, not factual allegations requiring a response from the Defendants.

91.     The Defendants deny the allegations contained in this paragraph and demand strict proof thereof.

## V.

### STATEMENT OF PLAINTIFF'S CLAIMS
### COUNT ONE
### SECTION 1983-SECTION 1981 RACE DISCRIMINATION
### (all defendants)
### (disparate treatment)

92.      The Defendants reassert and incorporate by reference each and every previous response as if specifically set out herein.

93.     Upon information and belief, Defendants admit that Plaintiff represents to be an African American.

94.     The Defendants deny the allegations contained in this paragraph and demand strict proof thereof.

95.     The Defendants deny the allegations contained in this paragraph and demand strict proof thereof.

96.     The Defendants deny the allegations contained in this paragraph and demand strict proof thereof.

97.     The Defendants deny the allegations contained in this paragraph and demand strict proof thereof.

98.     The Defendants deny the allegations contained in this paragraph and demand strict proof thereof.

99.     The Defendants deny the allegations contained in this paragraph and demand strict proof thereof.

100.    The Defendants deny the allegations contained in this paragraph and demand strict proof thereof.

WHEREFORE, the Defendants deny that Plaintiff is entitled to any damages or relief whatsoever, whether monetary damages, punitive damages, attorney's fees, injunctive relief, declaratory judgment, or any other equitable relief. The Defendants expressly deny that they violated Plaintiff's rights or any federal law or state law, on any occasion whatsoever.

## COUNT TWO
## TITLE VII-  RACE DISCRIMINATION
### (County Commission)
### (disparate treatment)

101.    The Defendants reassert and incorporate by reference each and every previous response as if specifically set out herein.

102.    Upon information and belief, Defendants admit that Plaintiff represents to be an African American.

103.    The Defendants deny the allegations contained in this paragraph and demand strict proof thereof.

104.   The Defendants deny the allegations contained in this paragraph and demand strict proof thereof.

105.   The Defendants deny the allegations contained in this paragraph and demand strict proof thereof.

106.   The Defendants deny the allegations contained in this paragraph and demand strict proof thereof.

107.   The Defendants deny the allegations contained in this paragraph and demand strict proof thereof.

108.   The Defendants deny the allegations contained in this paragraph and demand strict proof thereof.

109.   The Defendants deny the allegations contained in this paragraph and demand strict proof thereof.

WHEREFORE, the Defendants deny that Plaintiff is entitled to any damages or relief whatsoever, whether monetary damages, punitive damages, attorney's fees, injunctive relief, declaratory judgment, or any other equitable relief. The Defendants expressly deny that they violated Plaintiff's rights or any federal law or state law, on any occasion whatsoever.

## COUNT THREE
## SECTION 1983-SECTION 1981 RACE DISCRIMINATION
### (all defendants)
### (hostile work environment)

110.   The Defendants reassert and incorporate by reference each and every previous response as if specifically set out herein.

111.   Upon information and belief, Defendants admit that Plaintiff represents to be an African American.

112.   The Defendants deny the allegations contained in this paragraph and demand strict proof thereof.

113.   The Defendants deny the allegations contained in this paragraph and demand strict proof thereof.

114.   The Defendants deny the allegations contained in this paragraph and demand strict proof thereof.

115.   The Defendants deny the allegations contained in this paragraph and demand strict proof thereof.

116.   The Defendants deny the allegations contained in this paragraph and demand strict proof thereof.

117.   The Defendants deny the allegations contained in this paragraph and demand strict proof thereof.

WHEREFORE, the Defendants deny that Plaintiff is entitled to any damages or relief whatsoever, whether monetary damages, punitive damages, attorney's fees,

injunctive relief, declaratory judgment, or any other equitable relief. The Defendants expressly deny that they violated Plaintiff's rights or any federal law or state law, on any occasion whatsoever.

## COUNT FOUR
## TITLE VII RACE DISCRIMINATION
### (County Commission)
### (hostile work environment)

118.   The Defendants reassert and incorporate by reference each and every previous response as if specifically set out herein.

119.   Upon information and belief, Defendants admit that Plaintiff represents to be an African American.

120.   The Defendants deny the allegations contained in this paragraph and demand strict proof thereof.

121.   The Defendants deny the allegations contained in this paragraph and demand strict proof thereof.

122.   The Defendants deny the allegations contained in this paragraph and demand strict proof thereof.

123.   The Defendants deny the allegations contained in this paragraph and demand strict proof thereof.

124.   The Defendants deny the allegations contained in this paragraph and demand strict proof thereof.

125.   The Defendants deny the allegations contained in this paragraph and demand strict proof thereof.

WHEREFORE, the Defendants deny that Plaintiff is entitled to any damages or relief whatsoever, whether monetary damages, punitive damages, attorney's fees, injunctive relief, declaratory judgment, or any other equitable relief. The Defendants expressly deny that they violated Plaintiff's rights or any federal law or state law, on any occasion whatsoever.

## COUNT FIVE
## TITLE VII-RETALIATION
### (County Commission)

126.   The Defendants reassert and incorporate by reference each and every previous response as if specifically set out herein.

127.   Upon information and belief, Defendants admit that Plaintiff represents to be an African American.

128.   The Defendants deny the allegations contained in this paragraph and demand strict proof thereof.

129.   The Defendants deny the allegations contained in this paragraph and demand strict proof thereof.

130.   The Defendants deny the allegations contained in this paragraph and demand strict proof thereof.

131.   The Defendants deny the allegations contained in this paragraph and demand strict proof thereof.

132.   The Defendants deny the allegations contained in this paragraph and demand strict proof thereof.

133.   The Defendants deny the allegations contained in this paragraph and demand strict proof thereof.

134.   The Defendants deny the allegations contained in this paragraph and demand strict proof thereof.

135.   The Defendants deny the allegations contained in this paragraph and demand strict proof thereof.

136.   The Defendants deny the allegations contained in this paragraph and demand strict proof thereof.

WHEREFORE, the Defendants deny that Plaintiff is entitled to any damages or relief whatsoever, whether monetary damages, punitive damages, attorney's fees, injunctive relief, declaratory judgment, or any other equitable relief. The Defendants expressly deny that they violated Plaintiff's rights or any federal law or state law, on any occasion whatsoever.

## COUNT SIX
## SECTION 1983-FOURTEENTH AMENDMENT (EQUAL PROTECTION)
### (all defendants)

137.   The Defendants reassert and incorporate by reference each and every previous response as if specifically set out herein.

138.   Upon information and belief, Defendants admit that Plaintiff represents to be an African American.

139.   The Defendants deny the allegations contained in this paragraph and demand strict proof thereof.

140.   The Defendants deny the allegations contained in this paragraph and demand strict proof thereof.

141.   The Defendants deny the allegations contained in this paragraph and demand strict proof thereof.

142.   The Defendants deny the allegations contained in this paragraph and demand strict proof thereof.

143.   The Defendants deny the allegations contained in this paragraph and demand strict proof thereof.

144.   The Defendants deny the allegations contained in this paragraph and demand strict proof thereof.

145.   The Defendants deny the allegations contained in this paragraph and demand strict proof thereof.

146.   The Defendants deny the allegations contained in this paragraph and demand strict proof thereof.

WHEREFORE, the Defendants deny that Plaintiff is entitled to any damages or relief whatsoever, whether monetary damages, punitive damages, attorney's fees, injunctive relief, declaratory judgment, or any other equitable relief. The Defendants expressly deny that they violated Plaintiff's rights or any federal law or state law, on any occasion whatsoever.

## AFFIRMATIVE DEFENSES

The Defendants assert the following affirmative and additional defenses to the Complaint, but they do not assume the burden of proof of any such defenses, except as required by law with respect to a particular defense asserted.

### FIRST AFFIRMATIVE DEFENSE

The statute of limitations bars some or all of Plaintiff's claims against Defendants.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's complaint fails to state claims for which relief can be granted.

### THIRD AFFIRMATIVE DEFENSE

Defendants had in force a policy against all forms of race discrimination and harassment.

### FOURTH AFFIRMATIVE DEFENSE

Defendants deny the incidents alleged by Plaintiff.  Nevertheless, even if such were the case, Defendants took prompt and effective remedial action.

### FIFTH AFFIRMATIVE DEFENSE

Defendants deny that Plaintiff has suffered a legally cognizable adverse employment action and deny that he has suffered damages.  In the alternative, Defendants state that Plaintiff has failed to mitigate his damages, if any.

### SIXTH AFFIRMATIVE DEFENSE

All employment decisions by Defendants respecting Plaintiff were made for legitimate, non-discriminatory, non-pretextual business reasons.  Defendants deny that Plaintiff's race was a substantial contributing factor in any decision regarding his employment.

### SEVENTH AFFIRMATIVE DEFENSE

Defendants deny the allegations of Plaintiff's Complaint and demand strict proof thereof.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff is estopped and lacks clean hands to seek the equitable relief he requests due to violation of Defendants' employee conduct and work rules.

### NINTH AFFIRMATIVE DEFENSE

Defendants state that they did not intentionally, willfully or maliciously violate any statute or law relied upon in the Complaint.  To the extent that Plaintiff's claims against Defendants rest on conduct that was innocent or without malice or without reckless indifference to Plaintiff's rights, punitive damages are not recoverable.

### TENTH AFFIRMATIVE DEFENSE

The doctrine of laches bars some or all of Plaintiff's claims.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff is estopped from asserting the claims in the Complaint.

### TWELFTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff's claims are fraudulently brought, they are barred.

### THIRTEENTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff's claims have been waived, they are barred.

### FOURTEENTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff may have been guilty of conduct as yet unknown to Defendants or made known to Defendants after the termination of Plaintiff's employment, which conduct would have prevented his employment or caused discharge, he is barred from seeking some or all damages.

### FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part by the doctrines of acquiescence, estoppel, consent, ratification, waiver, unjust enrichment, unclean hands, bad faith, justification, and/or necessity.

### SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part by his own conduct.

### SEVENTEENTH AFFIRMATIVE DEFENSE

To the extent Plaintiff has filed for bankruptcy and failed to disclose his claims to the bankruptcy court, his claims are barred by estoppel.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred to the extent he failed to file an EEOC charge within 180 days of the alleged discriminatory or retaliatory actions.

### NINETEENTH AFFIRMATIVE DEFENSE

The Defendants state that the Plaintiff's claims should be dismissed to the extent that they were not set forth in his administrative charge.

### TWENTIETH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because any alleged differential treatment of Plaintiff by Defendants was undertaken pursuant to a bona fide merit system, bona fide seniority system, bona fide occupational qualification, or bona fide factors other than race or national origin. 42 U.S.C. § 2000e-2(h).

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff failed to allege a violation of the Fourteenth Amendments to the United States Constitution.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

All standards and selection criterion used by Defendant are job related and consistent with business necessity.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff failed to take advantage of any preventive or corrective opportunities provided by Defendants to avoid harm or otherwise.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to any relief or damages under 42 U.S.C. § 1983.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiff's Title VII claims are barred because Plaintiff failed, in whole or in part, to exhaust all available administrative remedies, and/or otherwise failed to comply with the statutory prerequisites to the bringing of this action, pursuant to Title VII of the Civil Rights Act of 1964. 42 U.S.C. §§ 2000e et seq.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

Insofar as any of Defendants' hiring, assignment, transfer, compensation or promotion policies, or any other employment policy or procedure utilized by

Defendant, has had a statistically adverse impact on African Americans, such policies or practices nevertheless are lawful because they are job-related and consistent with business necessity.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

The Defendants assert all privileges and immunities provided to the Defendants as county officials, employees, and/or actors including, but not limited to legislative immunity, qualified immunity, and statutory immunity.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to damages against Defendant.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

The Defendant did not authorize, condone, or ratify any alleged unconstitutional conduct, and any such conduct would have been contrary to the Defendant's policies.

### THIRTIETH AFFIRMATIVE DEFENSE

Some or all of the decisions and/or employment actions challenged as discriminatory in the Complaint would have been taken even if Plaintiff had not been in a protected class of individuals. Plaintiff's sex or race have not been a factor or a determinative influence in Defendant's employment decisions.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

Defendant states that it did not knowingly, intentionally, willfully or maliciously violate any statute or law relied upon in the Complaint. Defendant did not engage in a custom, policy, pattern or practice of discrimination, either personally or through the direction of others. Defendant denies knowingly or deliberately acquiescing in discriminatory acts or a custom, policy, pattern or practice of discrimination committed by any individual (which Defendant denies occurred) without intervening to stop such discrimination.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

There are no similarly-situated employees who have received different treatment than Plaintiff, nor is there any comparator who received different treatment with respect to Plaintiff's race or sex discrimination claims. To the extent that Plaintiff attempts to identify a comparator, that purported comparator is not sufficiently similarly situated to serve as a comparator. Furthermore, Defendant denies that Plaintiff and her alleged comparator held substantially equal jobs.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

Defendant pleads the *Price Waterhouse* mixed motive defense, as modified by the Civil Rights Act of 1991, to limit Plaintiff's damages to attorney's fees and injunctive relief.

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

To the extent that the Eleventh Amendment has not been statutorily abrogated or otherwise waived, it protects Defendant from suit.

### THIRTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to equitable relief, assuming he has claimed any, because he has not suffered irreparable harm and has adequate remedies at law.

### THIRTY-SIXTH AFFIRMATIVE DEFENSE

Some or all of Plaintiff's claims are barred by his inability to prove he has suffered any adverse action.

### THIRTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiff has not been subjected to *conduct severe or pervasive enough to create a work environment that a reasonable person would consider intimidating, hostile, or abusive.* Even if Plaintiff had so been subjected, this conduct was not *a condition of continued employment.*

### THIRTY-EIGHTH AFFIRMATIVE DEFENSE

Defendants cannot be held liable under 42 U.S.C. § 1983 based on a theory of *respondeat superior* for the acts and/or omissions of others.

### THIRTY-NINTH AFFIRMATIVE DEFENSE

No single Defendant in this cause can be held liable under 42 U.S.C. § 1983 for any alleged act and/or omission of any other Defendant.

## FORTIETH AFFIRMATIVE DEFENSE

The Defendants aver that the wrongs and damages alleged by Plaintiff were caused solely by the acts and/or omissions of persons for whom they are not responsible.

## FORTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff is unable to establish that the Defendants' actions, omissions, policies, or customs caused any of Plaintiff's purported injuries alleged in the Complaint or for which relief is sought.

## FORTY-SECOND AFFIRMATIVE DEFENSE

The Defendants did not authorize, condone, or ratify any alleged unconstitutional conduct, and any such conduct would have been contrary to policies.

The Defendant reserves the right to supplement or amend this answer as additional information responsive to the allegations of the complaint or relevant to the defenses herein become known to him.

Defendant pleads that Defendant's attorneys have not yet had an opportunity to complete a full investigation into all of the facts and legal issues involved in this case.  This Defendant therefore hereby preserves and pleads the following defenses in this case, subject to withdrawal by amendment or by pretrial order and after all legal and factual discovery has been concluded: failure to join a party under Rule 19

of the *Federal Rules of Civil Procedure*, lack of jurisdiction over the subject matter or person or matter, assumption of risk, contributory negligence, estoppel, illegality, laches, res judicata, statute of limitations, waiver, superseding and/or intervening efficient cause, lack of causal relation, lack of notice, failure to mitigate damages, subsequent negligence, sudden emergency, subsequent contributory negligence, lack of duty owed, unqualified or qualified immunity, mechanical failure, and failure to state a legal claim.

Respectfully submitted this 21st day of February 2023.

**s/C. Richard Hill, Jr._____**
C. RICHARD HILL, JR. (HIL045)

**s/Ashley H. Freeman_____**
ASHLEY H. FREEMAN (FRE 044)

OF COUNSEL:
Capell & Howard, P.C.
150 South Perry Street (36104)
P.O. Box 2069
Montgomery, AL 36102-2069
Telephone: (334) 241-8043
Facsimile: (334) 241-8243
Email:  rick.hill@chlaw.com
         ashley.freeman@chlaw.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this the 21st day of February 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Leslie A. Palmer
PALMER LAW, LLC
104 23rd Street South
Suite 100
Birmingham, AL 35233


Heather N. Leonard
HEATHER LEONARD, PC
2105 Devereux Circle, Suite 111
P.O. Box 43768
Birmingham, AL 35243

**<u>s/C. Richard Hill, Jr.</u>**
OF COUNSEL
