

FILED
2024 Nov-07 PM 02:39
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
JASPER DIVISION

| | |
|---|---|
| EXIE SPEARS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CASE NO: 2:22-cv-01610-ACA |
| v. ) | |
| ) | **Opposed** |
| MARION COUNTY COMMISSION, ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFF'S BRIEF IN SUPPORT OF PLAINTIFF'S
MOTION FOR PARTIAL SUMMARY JUDGMENT**

COUNSEL FOR PLAINITFF

Leslie A. Palmer
PALMER LAW, LLC
104 23rd Street South, Suite 100
Birmingham, AL 35233
(205) 285-3050
Leslie@PalmerLegalServices.com

Heather Newsom Leonard
HEATHER LEONARD, P.C.
2105 Devereux Circle, Suite 111
Birmingham, AL 35243
(205) 977-5421
heather@HeatherLeonardPC.com

TABLE OF CONTENTS

I.   INTRODUCTION ................................................................................................3
II.  STATEMENT OF UNDISPUTED FACTS ....................................................3
III. SUMMARY JUDGMENT STANDARD........................................................9
IV.  ARGUMENT ...................................................................................................10
  A.  Defendants retaliated against Spears under the plain text of Title VII......10
  1.  Cochrans' statements are direct evidence of retaliation. ..........................11
  2.  No matter how its categorized, the evidence in this case reveals a claim of retaliation..............................................................................................12
  B.  Defendants have no evidence of laches. ....................................................13
  C.  Defendants have no evidence of waiver, release, acquiescence, consent, or ratification. .................................................................................................14
  D.  Defendants' pay decision is not based on any merit or seniority system. ..14
  E.  Defendants cannot prove Spears did not utilize any preventative or corrective opportunities outlined in Defendants' handbook. .............................15
V.   CONCLUSION ...............................................................................................16

I.      INTRODUCTION

The current Marion County Commission, and Commissioners Cochran, Nichols, Estes, Gunnin, and Akers are actively retaliating against Plaintiff, Exie Spears, because he filed this lawsuit. Additionally, certain boilerplate defenses all Defendants filed have no factual support in this case. Accordingly, Plaintiff moves for a partial summary judgment as to Count 5 – Title VII Retaliation, and on the Defendants' 10th, 15th, 20th, and 23rd Affirmative Defenses.

II.     STATEMENT OF UNDISPUTED FACTS

1. The Marion County Commission is the governing and employing body of Marion County. (Doc 8 ¶4-5, Answer; Doc 47-1 p8, Commission Depo 24:7-10).

2. The County is split into five districts, each having a commissioner that is the "boss" over the employees of that district. (Doc 50 p5, Cochran Depo 11:7-10; Doc 47-1 p8, 9, 11, Commission Depo 24:20-22, 25:3-7, 36:19-22).

3. Each of the five commissioners serve as the chairman for 10-11 months, acting as the head of the commission. (Doc 47-1 p9, Commission Depo 26:6-27:1, 29:13-29:17).

4. "The five commissioners make the decisions for the county" and run the county. (Doc 47-1 p 10-11, Commission Depo 32:1-32:2, 34:6-19).

5. The Commission as a whole, also employs individuals not assigned to a specific district, like within the commission office, the EMA, the jail, or similar. (Doc 47-1 p11, Commission Depo 36:11-12).

6. Any one county commissioner can make decisions that affect a specific employee's terms and conditions including promotion and pay. (Doc 47-1 p11, Commission Depo 36:13-22).

7. The Commission does not take any proactive or preventative steps to prevent or remedy race discrimination or retaliation outside of whatever training may be provided to new commissioners by the Alabama County Commission Association or the handbook created by the ACCA.[1] (Doc 47-1 p5, 13-15, 17, Commission Depo 9:11-11:20, 43:23-44:3, 47:11-19, 49:15-20, 50:2-12, 50:18-52:4, 57:8-57:22).

8. Exie Spears has been an employee of the Marion County Commission for more than 20 years and was hired as an equipment operator. (Doc 48 p13, Commission Depo 110:14-111:1).

9. Spears is the only Black employee of the Commission outside of the Sheriff's office. (Doc 58 p9, Cochran Depo 25:7-12).

---

[1] Nichols testified that the commission had "safety classes" and "different meetings" conducted by the EMA but could not specifically answer about discrimination or retaliation stating, "you would have to ask that from the ACCA.". (Doc 47-1 p15, Commission Depo 50:18-52:4).

10. Spears works in District Two. The workers in the district repair and maintain roads and are either foreman, or laborer with or without a CDL. (Doc 48 p11, Commission Depo 101:12-18; Doc 61 Pay Scale).

11. The Commission pays Foreman a higher rate than laborers, but foreman still work with the other employees. (Doc 48 p11, Commission Depo 102:12-17).

12. In December of 2015, the then county commission promoted Spears to Foreman of District two, which was recorded in the official minutes of the commission, which are the true and correct copy of what happened in the meeting. (Doc 79 p3 Minutes; Doc 58 p11, Cochran Depo 33:11-20; Doc 50 p3, Commission Depo 191:16-19).

13. At the time of Spears' promotion, Eddie Byrd was the commissioner over District and Kenneth Cochran and David Ballard, all White, also worked in the Roads Department of District Two. (Doc 58 p7, Cochran Depo 18:15-19:9).

14. While employed under Commissioner Byrd, Kenneth Cochran heard Commissioner Byrd make racial slurs, including the word "nigger", in the presence of Spears, but did not correct him or report him. (Doc 58 p5-6, Cochran Depo 10:17-13:14)

15. In 2006, 2010 and 2014, Cochran ran against Commissioner Byrd for the District Two Commission seat but lost all three times. (Doc 58 p4-5, Cochran Depo 8:7-9:6)

16. Commissioner Byrd did not run for re-election in 2018, and Cochran won the seat. (Doc 58 p5, Cochran Depo 9:7-10:4).

17. As Commissioner over District Two, Cochran is Spears' direct supervisor, and the commission as a whole is Spears' second line supervisor. (Doc 48 p3, Commission Depo 70:18-22).

18. Immediately after becoming District 2 Commissioner, Cochran wanted to name Ballard foreman, he raised David Ballard's pay rate to meet Spears' and stopped utilizing Spears as a Foreman. (Doc 58 p11, Cochran Depo 35:4-9; Doc 50 p1, Commission Depo 181:23-182:3, 183:6-21).

19. After a while, and experiencing increasing hostility, Spears attended a public Commission meeting to address the Commission about Cochran demoting Spears. (Doc 91 p1, 4 Record Journal Article).

20. Cochran refused to acknowledge Spears was ever a foreman, claiming the most senior employee should be foreman. (Doc 91 p1, 4 Record Journal Article, Doc 58 p33-34, Cochran Depo 124:18-125:3).

21. Over the course of his complaints and this lawsuit, Spears' work environment has changed with Cochran, his boss, texting instead of calling and not correcting or reprimanding Ballard a co-worker for telling Spears he was ashamed of him. (Doc 58 p25, 28, Cochran Depo 90:16, 90:23-91:11, 101:23-102:5).

22. Ballard retired around the end of May of 2024 citing among other things, being tired of the lawsuit, having to walk on pins and needles, and working with Spears. (Doc 58 p21, 25, Cochran Depo 73:20-74:6, 89:3-12, 90:11-16).

23. Even though Spears had previously been promoted in 2015, and is the most senior employee after Ballard's retirement, Cochran still will not utilize, recognize, or pay Spears as a foreman. (Doc 58 p23, 33, Cochran Depo 81:4-8, 84:11-13, 124:18-21).

24. When asked why Spears, as the most senior man is not foreman now, Cochran stated "why would I want to make somebody a foreman that's got me sued over this – this lie." (Doc 58 p33-34, Cochran Depo 124:22-125:8).

25. Cochran, who's current commission term does not expire until 2026, also testified he does not trust Spears because of the lawsuit. (Doc 58 p4, 19, Cochran Depo 7:21-23, 67:5-14).

26. Cochran admitted he has no evidence to dispute the minutes of the December 2015 meeting promoting Spears to foreman and increasing his pay. (Doc 58 p35, Cochran Depo 129:21-130:2).

27. Cochran is responsible for setting Spears' rate of pay on the pay scale adopted by the Commission during this litigation. (Doc 48 p6, 7, 14, Commission Depo 83:20-85:16, 86:16-22, 114:6-7).

28. Spears' rate of pay directly affects his state retirement contributions. (Doc 48 p15, Commission Depo 119:10-17).

29. Despite being accountable to the people of Marion County, the Commission has not made the public aware of the allegations against Defendants, stating "nobody has been convicted" or "proven guilty of being a racist" by a federal judge. (Doc 47-1 p15-16, Commission Depo 52:13-53:17, 54:8-56:13; Doc 48 p4-5, Commission Depo 76:21-78:6).

30. The Commission is not aware of what authority, if any, it has to discipline any individual commissioner or how to begin impeachment proceedings. (Doc 48 p3, 4, 6, Commission Depo 71:6-12, 74:16-75:2, 81;7-82:1).

31. Over the course of this four-year litigation, the Commission has not discussed disciplining or impeaching Defendant Cochran. (Commission Depo Doc 48 p4-5, 76:17-77:4).

32. After learning about Spears' complaints, the Commission has not taken any action other than "talking" to their attorney, Defendants did not investigate the complaint, or discuss Cochran's conduct. (Doc 49 p 3, 10, Commission Depo 131:11-14, 158:9-14, 160:16-20).

33. Spears has not unreasonably delayed in pursuing his claims and has not caused any injury to the commission by any alleged delay. (Doc 50 p9, Commission Depo 215:10-14, 216:3-7).

34. Spears has not signed any waiver or release with the Commission. (Doc 50 p9, Commission Depo 216:8-11).

35. Spears did not consent, accept, or submit to discrimination or retaliation. (Doc 50 p9, Commission Depo 216:12-23).

36. The Defendants did not set Spears' pay based on a bona fide merit system, seniority system, or occupational requirements. (Doc 50 p10, Commission Depo 217:6-218:14; Doc 58 p34, Cochran Depo 125:3-8).

37. Defendants cannot identify any preventative or corrective opportunity in the Commission handbook that Spears failed to take advantage of. (Doc 50 p11, Commission Depo 221:13-223:22).

## III.  SUMMARY JUDGMENT STANDARD

The facts above draw all disputes and reasonable inferences in favor of Defendants, the non-movants. Reviewing the above facts on these limited issues, there are no disputes of fact and the Plaintiff is entitled to judgment as a matter of law regarding the Title VII retaliation claim and certain affirmative defenses. *See Anderson v. Liberty Lobby*, 477 U.S. 242, 249. Defendants do not and cannot dispute that Cochran is Spears' direct supervisor, harbors anger toward Spears for filing this lawsuit, and is the individual responsible for setting Spears' rate of pay and position. Defendants also cannot put forth any evidence of at least four boilerplate affirmative defenses they have asserted. Accordingly, Plaintiff's partial

summary judgment is due to be granted finding as a matter of law, that Defendants retaliated against Spears under Title VII, leaving only the question of damages for that count, and dismissing the specific affirmative defenses.

IV.     ARGUMENT

    A.     Defendants retaliated against Spears under the plain text of Title VII.

The retaliation provision of Title VII states "[i]t shall be an unlawful employment practice for an employer to *discriminate* against any of his employees . . . because he has opposed any practice made an unlawful employment practice by this title." 42 U.S.C. § 2000e-3 (emphasis added). Under any and all frameworks, Spears has shown he opposed an unlawful employment practice and defendants took an adverse action against him because of his opposition. There is no dispute in the record that Spears has proved each of these.

Spears complained of discrimination affecting the terms and conditions of his employment, including pay, filed an EEOC Charge, and ultimately filed this lawsuit. The Commission is not paying Spears' foreman pay, per its own pay scale, and is not treating or recognizing him as a foreman despite the official minutes appointing him to the position in 2015. The Commission has done nothing but hidden its head in the sand. Specifically, the Commission has not taken any action against Cochran or attempted to determine if action needs to be taken because he has not been (in the Commission's words) found guilty of being a racist. Most

telling, Defendant Cochran publicly stated he would not recognize Spears as foreman and testified under oath that he did not trust Spears because he sued him and would not make Spears foreman because Spears "got [Cochran] sued over this. . ."

        1.    Cochrans' statements are direct evidence of retaliation.

The 11th Circuit defines direct evidence as "evidence which reflects a . . . retaliatory attitude correlating to the discrimination or retaliation complained of by the employee." *Van Voorhis v. Hillsborough Cty. Bd. of Cty. Comm'rs*, 512 F.3d 1296, 1300 (11th Cir. 2009) (cleaned up). Direct evidence can even constitute actions of an employer that show a "retaliatory attitude correlating to the discrimination or retaliation complained of by the employee." *Calhoun v. EPS Corp.*, 36 F. Supp. 3d 1344, 1354 (N.D. Ga. 2014) (quoting *Caban-Wheeler v. Elsea*, 904 F.2d 1549, 1555 (11th Cir. 1990)). Simply put, blatant remarks that show an intent to retaliate are direct evidence. *Id.* (internal citations omitted).

This Circuit has found direct evidence of discrimination where an employer questioned whether a "sweet little old lady could get tough enough" to do a job and stated, "a woman was not competent enough to do this job". *Haynes v. W.C. Caye & Co., Inc.,* 52 F.3d 928, 930 (11th Cir.1995). The court also found direct evidence of discrimination in a conditional statement, where the general manager stated, "*if* it was his company, he wouldn't hire any black people" and his production

manager said "you people can't do anything right." *E.E.O.C. v. Alton Packaging Corp.,* 901 F.2d 920, 923 (11th Cir.1990) (emphasis added). Cochran's statements are more blatant than calling someone "a sweet little old lady" and are not conditional. Instead, Cochran said, without hesitation "why would I want to make somebody a foreman that's got me sued over this – this lie" and that he didn't trust Spears because Spears accused him in the lawsuit. Cochran express anger in his testimony about the lawsuit against him and the Commission. Cochran's statements are essentially an admission of retaliation.

Additionally, knowing Cochran is directly responsible for setting Spears position and pay and knowing that Spears has accused Cochran of race discrimination, the Commission has not discussed the issue among its members, and has done nothing but talk to their lawyer, continuing to underpay Spears. The statements and conduct of Cochran and the Commission could be nothing other than retaliation for engaging in protected conduct, i.e. complaining of race discrimination and therefore constitute direct evidence of retaliation.

> 2. No matter how its categorized, the evidence in this case reveals a claim of retaliation.

Even if the statements and conduct do not constitute direct evidence, at the very least the constitute circumstantial evidence. Spears can prove retaliation with "any circumstantial evidence that creates a reasonable inference of retaliatory intent." *Berry v. Crestwood Healthcare LP*, 84 F.4th 1300, 1310 (11th Cir. 2023).

12

There is something particularly convincing about a direct supervisor refusing to speak in person to an employee, allowing co-workers to talk down to them, expressing open hatred in public meetings, and testifying he would not recognize an employee's position because the "got him sued." Similarly, an entire county commission refusing to act on the basis that no one has been found "guilty" of "being a racist" and not considering what options may be available to remedy the situation leads to a reasonable inference of retaliatory intent that Defendants have not disputed.

Because Defendants have not disputed the comments and actions by Cochran and the inaction and blatant disregard by the remaining Defendants, Plaintiffs have established an unrebutted prima facie case of Title VII retaliation and are entitled to judgment as a matter of law on liability.

    B.    Defendants have no evidence of laches.

Defendants filed a boilerplate Answer asserting various affirmative defenses for which they had no evidence or reasonable belief. Among these, Defendants' Tenth Affirmative Defense claims "[t]he doctrine of laches bars some or all of Plaintiff's claims." Laches requires a finding of both inexcusable delay by the plaintiff and undue prejudice to the defendants because of the delay. *EEOC v. Univ. of Miami*, 2021 U.S. Dist. LEXIS 186479, at *48 (S.D. Fla. Sept. 28, 2021). Keith Nichols, the deponent representative of the Commission could not testify to

any delay by Spears or any harm to the Defendants because of any alleged delay. Spears is entitled to Summary Judgment on Defendants' 10th Affirmative Defense - Laches.

    C.    Defendants have no evidence of waiver, release, acquiescence, consent, or ratification.

Defendants' Fifteenth Affirmative Defense states "Plaintiff's claims are barred in whole or in part by the doctrines of acquiescence, estoppel, consent, ratification, waiver, unjust enrichment, unclean hands, bad faith, justification, and/or necessity." Acquiescence is similar to laches, in that it requires a delay and harm from the delay, but it also requires an active representation that a plaintiff will not assert his claim. *Univ. of Ala. Bd. of Trs. v. New Life Art, Inc.*, 683 F.3d 1266, 1281 (11th Cir. 2012). The Commission's deponent representative could not provide any evidence of Spears acquiescing in any way to discrimination. The Commission deponent also could not provide any evidence of waiver, release, ratification, consent, or estoppel. Because Defendants cannot present evidence of their Fifteenth Affirmative Defense, Plaintiff is entitled to Summary Judgment on that defense.

    D.    Defendants' pay decision is not based on any merit or seniority system.

Defendants' Twentieth Affirmative Defense alleges differential treatment based on a bona fide merit system, seniority system, or occupational qualification.

The Commission's deponent representative could not identify any merit system, seniority system, or occupational qualification that would affect Spears' pay. To the contrary, Defendant Cochran testified that he would not pay Spears foreman pay, despite him being the current, most senior employee, because Spears had sued him. Summary Judgment should be granted on Defendants' Twentieth Affirmative Defense.

      E.    Defendants cannot prove Spears did not utilize any preventative or corrective opportunities outlined in Defendants' handbook.

Defendants' Twenty-Third Affirmative Defense alleges Spears failed to take advantage of any preventative or corrective opportunities provided by Defendants to avoid harm. The Commissions representative deponent could not identify any policy or procedure outlined in the Commission handbook that Spears did not take advantage of. In fact, Spears has been proactive. Spears, at the first sign of issue, brought his complaints to an open meeting – which resulted only in a public berating by Cochran. Spears then took is claims to the EEOC where resolution again failed, breaking down on the part of Defendants. Only then did Spears file this suit, but has continued to report to work daily, being underpaid, suffering harassment, and other changes to the terms and conditions of his employment. Because Defendants cannot identify any corrective or preventative measure available to but ignored by Spears, the Court should dismiss this Affirmative Defense on Plaintiff's motion.

V.      CONCLUSION

Exie Spears, the only Black employee in the Marion County Commission publicly complained about his new boss/Commissioner's unfair treatment, including that he was not being paid for the job he held – foreman. Instead of supporting Spears, the Commission has backed Cochran every step of the way, resulting in nearly seven years of retaliatory and discriminatory pay practices. Cochran has made it clear he will not pay Spears his proper pay rate. The Commission has made it clear it will take no action against Cochran for his conduct. Defendants' conduct is blatant retaliation, and Spears is entitled to summary judgment on Count Five – Title VII Retaliation.

Defendants' boilerplate affirmative defenses have no factual support in this case and are due to be dismissed with prejudice, award costs and fees to the Spears.

                                    Respectfully submitted,
                                    /s/ Leslie A. Palmer
                                    Leslie Palmer

PALMER LAW, LLC
104 23rd Street South, Suite 100
Birmingham, AL 35233
(205) 285-3050
leslie@palmerlegalservices.com

                                    /s/ Heather Leonard
                                    Heather Leonard

HEATHER LEONARD, P.C.
2105 Devereux Circle, Suite 111
Vestavia Hills, AL 35243
(205) 977-5421
heather@heatherleonardpc.com

16

## CERTIFICATE OF SERVICE

I certify that the foregoing was filed with the Court's CM/ECF system or served by e-mail as agreed between the parties which will serve all counsel of record as follows:

Ashely Freeman
C. Richard Hill, Jr.
William Jackson Britton
Caitlin Elizabeth Cobb
CAPELL & HOWARD, P.C.
PO Box 2069
Montgomery, AL 36102
(334) 241-8043
Rick.hill@chlaw.com
Ashley.freeman@chlaw.com
Jackson.britton@chlaw.com
Caitlin.cobb@chlaw.com

Robbie Alexander Hyde
ALEXANDER HYDE LLC
2138 Moore's Mill Road, Ste. A
Auburn, AL 36830
(334) 246-2333
robbie@alexanderhyde.com

/s/ *Leslie A. Palmer*
OF COUNSEL